

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

April 10, 1992

Honorable Terry D. McEachern
Hale County District Attorney
64th and 242d Judicial Districts
County Courthouse
Plainview, Texas 79072

Opinion No. DM-103

Re: Whether a juvenile board may order an increase in the compensation paid to county judge members of the board in excess of the compensation ordered by the commissioners court under Human Resources Code section 152.0411 (RQ-273)

Dear Mr. McEachern:

You have requested an opinion from this office as to whether a juvenile board may validly order an increase in the compensation paid to county judge members of the board in excess of the compensation ordered by the county commissioners court under the Texas Human Resources Code, section 152.0411. We conclude that such an order would be invalid.

Section 152.0411(a) of the Human Resources Code creates the juvenile board for Castro, Hale, and Swisher counties, and provides that it be composed of "the county judges, the district judges in Castro, Hale, and Swisher counties, and the judge of any statutory court designated as a juvenile court in the counties." Subsection (c) of this statute provides the following:

> The commissioners courts of the counties shall pay the members of the juvenile board an annual salary set by the commissioners court at not less than $1,200, payable in equal monthly installments from the general fund of the counties. The counties shall apportion and pay the salary according to the ratio used to pay the expenses of the 64th and 242nd judicial districts.

Hum. Res. Code § 152.0411(c). Pursuant to this provision, the commissioners courts of Hale, Swisher, and Castro counties have set the salaries of the juvenile board members at the statutory mimimum. However, by orders issued September 9, 1991,

the juvenile board purported to raise the salaries of its county judge members, effective September 1, 1991. The language of the statute regarding the compensation of members of the juvenile board at issue is unambiguous: these salaries are to be set by the commissioners. Neither section 152.0411, nor any other provision of chapter 152 of the Human Resources Code concerning juvenile boards, gives the juvenile board authority to set the salaries of its members without commissioners court approval. We therefore conclude that the orders raising the salaries of the county judge members of the juvenile board of Hale, Swisher, and Castro counties above the amounts set by the commissioners courts are invalid.

## SUMMARY

The juvenile board of Castro, Hale, and Swisher counties has no authority to set the salaries of its members.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Faith S. Steinberg
Assistant Attorney General